IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHELSEA E. LINDSEY                                            PLAINTIFF

      v.                    CIVIL NO. 3:14-cv-3093-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                 DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 13, 14. The matter is before the undersigned by consent of the parties. ECF No. 5.

**I.**    **Background:**

On March 7, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,652.94, representing a total of 23.80 attorney hours for work performed in 2014 and 2015 at an hourly rate of $186.00, 2.65 paralegal hours at an hourly rate of $75.00 per hour, and service expenses in the amount of $27.39. ECF No. 13-3. On March 21, 2016, the Commissioner filed a response voicing no objection to the hourly rate sought, but objecting to the number of hours Plaintiff's counsel is requesting. ECF No. 15. The Plaintiff filed a reply on May 17, 2016, contending the fee requested is reasonable and compensable under the EAJA. ECF No. 16.

**II.**    **Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially

justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992)

("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A)-unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. Accordingly, the Plaintiff is entitled to receive the hourly rates requested for the years in question.

### III.  Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. (ECF No. 16) The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

### A. **Blocked Billing Entries:**

The Defendant objects to a total of .70 attorney hours, contending they are not compensable the EAJA because they consist of batched or blocked time entries that comingle attorney tasks with non-compensable tasks. *See Role Models Am., Inc. v. Brownlee*, 353 F3d 962, 971 (D.C Cir. 2004) (noting that where time entries "lump together multiple tasks," it is impossible for the court to evaluate their reasonableness. However the tasks in question involve receiving and reviewing the Defendant's Answer, the Scheduling Order, and the Court's Order Reversing and Remanding the case with communication with the Plaintiff's father advising him of the status of the case. Accordingly, we find that these tasks are compensable, and we overrule the Defendant's objection.

### B. **Clerical Tasks:**

The Commissioner also objects to a total of 1.05 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that Counsel's receipt and review of the Order granting Motion for Leave to Proceed IFP and Directing Service; signing of the Consent to Magistrate, signing of the Service letters, preparation of the Affidavit of Service and attachments, and emailing the Court's order to the Plaintiff's father are compensable under the EAJA. However, we do find that .10 hours for the receipt and review of the Order Granting Motion for IFP and .10 hours for signing the Consent to

Magistrate to be excessive given the nature and length of these documents. Accordingly, counsel's time will be reduced by .10 hours.

    **C**    **Administrative Tasks:**

Defendant also contests .75 attorney hours expended September 16, 2014, for the receipt and review of the paperwork, including the administrative denials from the referring attorney. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings. Counsel must also meet with her client/prospective client, determine whether her client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court. Counsel should be compensated for a reasonable amount of time associated with these tasks. Thus, we find Plaintiff is entitled to the full .75 attorney hours requested.

    **D.**    **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

**IV.**    **Conclusion:**

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$4,634.34** for 23.70 attorney hours performed in 2014 and 2015 at an hourly rate of $186.00, 2.65 paralegal hours at an hourly rate of $75.00, and $27.39 in expenses

associated with service of process. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 31st day of August, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE